UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David M. Wambolt,          :
        Plaintiff,          :
                            :
        v.                  :     File No. 2:07-CV-167
                            :
State's Attorney of         :
Chittenden County,          :
        Defendant.          :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5 and 7)

Plaintiff David Wambolt, a Vermont inmate proceeding
*pro se*, was convicted in state court of sexual assault.  He
claims that access to DNA testing will prove his innocence,
and that the State's refusal to provide DNA testing violates
his constitutional rights.  He brings his claim pursuant to
42 U.S.C. § 1983, and asks the Court to issue an order
compelling the State to conduct DNA testing on selected
evidence.

The defendant, Chittenden County's State's Attorney,
has moved to dismiss.  The defendant argues that because
Wambolt is seeking to challenge his state court conviction,
he should have brought this action as a habeas corpus
petition.  The defendant further argues that a State's
Attorney sued in his official capacity is immune from suit
in federal court.  Also pending before the Court is

Wambolt's request for appointment of counsel.

For the reasons set forth below, I recommend that the motion to dismiss be DENIED, and DENY without prejudice Wambolt's request for counsel.

## Factual Background

For the limited purpose of the pending motion to dismiss, the facts alleged in the complaint will be accepted as true.  Wambolt was convicted of sexual assault on September 25, 2002.  He now claims that the prosecution failed to conduct a proper investigation and refused to perform DNA testing.  The failure to procure DNA evidence, he argues, violated his constitutional right to challenge his conviction.  His sole request for relief is an order compelling "state officials to secure approved DNA testing to prove my innocence for my case, by an out-of-state company."  (Paper 4 at 4).

## Discussion

I.  Failure to Seek Habeas Relief

The first issue raised by the defendant is whether Wambolt should have brought this action as a habeas corpus petition rather than as a complaint under § 1983.  The defendant submits that "[b]ecause the gravamen of the

2

Complaint is Plaintiff's challenge of the sufficiency of
evidence used to convict him, and ultimately the reversal of
his conviction, Plaintiff's complaint may not be brought
under Section 1983."  (Paper 7 at 3) (citation omitted).
Given recent Second Circuit case law, however, this argument
is misplaced.

In <u>McKithen v. Brown</u>, 481 F.3d 89, 99 (2d Cir. 2007),
the Second Circuit addressed the question of whether a claim
asserting "a federal constitutional right of access to, and
DNA testing of, evidence is cognizable under § 1983, or
whether, instead, it lies so well 'within the core of habeas
corpus' that it may only be brought in a habeas petition."
After a review of relevant Supreme Court precedent,
including <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973) and <u>Heck
v. Humphrey</u>, 512 U.S. 477 (1994), the court concluded that a
habeas petition is only required when "a prisoner's victory
in a § 1983 suit would *necessarily demonstrate* the
invalidity of his conviction or sentence; that a prisoner's
success might be merely helpful or *potentially* demonstrative
of illegal confinement is . . . irrelevant." <u>McKithen</u>, 481
F.3d at 102 (emphasis in original).  Applying this standard
to the facts, the court found that merely requiring DNA

3

testing would not necessarily demonstrate an invalid conviction, as the results "may be inconclusive, they may be insufficiently exculpatory, or they may even be inculpatory."  Id. at 103 (internal quotations and citation omitted).  "[E]ven if a plaintiff's ultimate motive is to challenge his conviction – a post-conviction claim for access to evidence is cognizable under § 1983."  Id.

The instant case is clearly governed by the holding in McKithen.  Wambolt is seeking DNA testing and access to DNA evidence that, he claims, will prove his innocence.  While providing such access may increase Wambolt's likelihood of success when challenging his conviction, access to testing alone does not guarantee his freedom.  His complaint is, therefore, properly brought under § 1983.  Id.

## II.  Official Capacity Immunity

The defendant next argues that Wambolt cannot bring a claim in federal court against a state employee in that employee's official capacity.  The defendant here is the Chittenden County State's Attorney.  No individual has been named, and it is not clear whether the State's Attorney at the time was actually, personally involved in Wambolt's prosecution.  Absent any claim against an individual, the

4

Court should construe the complaint as bringing only an
official capacity claim.

There is little question that, when prosecuting a
criminal matter, a State's Attorney is acting as a
representative of the State.  See Ying Jing Gan v. City of
New York, 996 F.2d 522, 529-30 (2d Cir. 1993).  Where a
state official is sued in federal court in his official
capacity, such a suit is deemed to be against the State and
the official is entitled to invoke the immunity belonging to
the State pursuant to the Eleventh Amendment.  Kentucky v.
Graham, 473 U.S. 159, 166-67, 169 (1985).  However, while
this principle pertains to official capacity suits for
damages, the Eleventh Amendment does not bar suits against
state actors for prospective injunctive relief.  Seminole
Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996); Ex
parte Young, 209 U.S. 123, 159-60 (1908).  Similarly,
although the State is not deemed to be a "person" under §
1983, a state official sued for injunctive relief is
nonetheless a person under § 1983 "because 'official-
capacity actions for prospective relief are not treated as
actions against the State.'"  See Will v. Michigan Dep't of
State Police, 491 U.S. 58, 71 n.10 (1989) (quoting Graham,

473 U.S. at 167 n.14).

The relief sought in this case – access to DNA evidence – is both prospective and injunctive in nature. Consequently, the defendant, sued in his official capacity, cannot avail himself of the State's sovereign immunity.  The motion to dismiss should, therefore, be DENIED.

III.  Motion for Appointment of Counsel

Wambolt has moved the court for appointment of counsel. When considering the question of whether counsel should be appointed in a civil case, the Court must consider whether the moving party's claims are likely to be of substance. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  Once satisfied of the substantive merit of the case, the Court should assess: the party's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the party's ability to present the case; the complexity of the legal issues; and any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Id.

The Court will consider each of these factors in turn. First, the case is still in the earliest stages. It is therefore difficult to determine whether the claims in the complaint have sufficient merit to warrant the appointment of counsel. Next, the facts of this case appear to be discrete and are unlikely to involve a complex investigation. The likelihood of conflicting testimony is minimal, as it should not be difficult to establish whether DNA testing was, in fact, performed.

As to Wambolt's ability to present his case, he has thus far shown an ability to present his claims in a clear and concise fashion. Furthermore, this case, with its single request for DNA testing, is unlikely to be complex. Finally, the Court sees no special reason why appointment of counsel would be more likely to lead to a just determination.

If at some future point it becomes apparent that Wambolt can satisfy the factors set forth above, he may again move for appointment of counsel. His current motion, however, is DENIED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the

7

defendant's motion to dismiss (Paper 7) be DENIED.  The

plaintiff's motion for appointment of counsel (Paper 5) is

DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this

15th day of February, 2008.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of the
court and serving on the magistrate judge and all parties,
written objections which shall specifically identify the
portions of the proposed findings, recommendations or report
to which objection is made and the basis for such
objections.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.
See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1);
Fed. R. Civ. P. 72(b), 6(a) and 6(e).